# In the United States Court of Federal Claims

No. 19-583C
(Filed: April 24, 2019)

```
*****************************************
                                         *
LATASHA BOYD,                            *
                                         *
                      Plaintiff,         *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                      Defendant.         *
                                         *
*****************************************
```

## DISMISSAL ORDER

WHEELER, Judge.

On April 15, 2019, *pro se* plaintiff Latasha Boyd filed a complaint in this Court requesting money damages and injunctive relief for various alleged violations of her statutory and constitutional rights. Pursuant to its inherent authority, this Court *sua sponte* DISMISSES Ms. Boyd's complaint for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction.

### Background

Ms. Boyd is a South Carolina resident who alleges various claims based on 42 U.S.C. § 1983, "opression" [sic], racial and "sex discrimination," "deprivation of rights and liberty," and "Amendment 14" of the United States Constitution. Compl. at A-6. She requests $200 billion in money damages and asks the Court to "[t]ell them to stop using MK Ultra on Me, Stop influence, Advertising sickest, and promoting sickest, Food and so many Recalls, and Mess in our water." Compl. at A-3, A-7. Ms. Boyd does not identify the perpetrators of these alleged acts. Ms. Boyd's complaint also includes a number of attachments, including articles about the influence of mass media and social media on society, a list of the symptoms of a rare nerve disorder, the lyrics of a rap song, a map of Native American territories in 1492 and a short description of the history of oppression of

7005 2570 0001 3701 9908

Native Americans, and three mainly first-person ruminations on governance, corruption, the CIA, Ms. Boyd's mental health, and human, civil, and political rights.

Discussion

A.  Failure to State a Claim on Which Relief Can Be Granted

A court may *sua sponte* dismiss a complaint for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Rockefeller v. Chu, 471 Fed. Appx. 829, 830 (10th Cir. 2012). To survive dismissal, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2009). "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*. Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted).

Nevertheless, the Court cannot discern facts on the face of Ms. Boyd's complaint that would support a plausible claim for relief. Ms. Boyd alleges some unnamed persons are "using MK Ultra" against her and apparently contaminating the water and food supply. Without identifying a perpetrating actor or clearly identifying the offending acts, these statements are too vague to plead a cause of action. Further, the Court cannot discern how Ms. Boyd's legal bases for her complaint (i.e., 42 U.S.C. § 1983, "Amendment 14", etc.) are related to the operative facts she alleges. Therefore, the complaint fails to state a claim on which relief can be granted.

B.  Lack of Subject-Matter Jurisdiction

Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*. Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although *pro se* pleadings are held to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Except for bid protest cases, this Court only has jurisdiction over claims against the United States that allege a specific entitlement to monetary relief based upon "money-mandating" provisions of federal law. See Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003). Because Ms. Boyd's complaint does not identify a money-mandating source of law, the Court does not have subject-matter jurisdiction over her claims.

Moreover, Ms. Boyd's complaint does not clearly identify any government agent or agency as the perpetrator of the conduct giving rise to her alleged cause of action. Other

than briefly alluding to the CIA and to former FBI Director James Comey, Ms. Boyd's complaint does not even mention a particular government actor. Therefore, because the Court of Federal Claims only hears lawsuits against the United States, and Ms. Boyd does not allege a cause of action against the United States or its agents, this Court does not have subject-matter jurisdiction for this reason as well.

## Conclusion

For the reasons above, the Court *sua sponte* DISMISSES Ms. Boyd's complaint for failure to state a claim on which relief can be granted and for lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice. Further, the Court DISMISSES AS MOOT Ms. Boyd's application to proceed *in forma pauperis*.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge